[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PENDENTE LITE MOTION FOR ALIMONY AND SUPPORT, CUSTODY OF THE MINOR CHILDREN, EXCLUSIVE POSSESSION OF THE RESIDENCE AND ATTORNEY'S FEES (DOCKET ENTRY NO. 118)
The court has for determination the pendente lite motion for alimony, support for and custody of the minor children, exclusive possession of the marital home and attorney's fees. The parties agreed on pendente lite orders of joint legal custody, the children to reside principally with their mother and that the plaintiff enjoy reasonable, flexible and liberal visitation.
The plaintiff vacated the marital residence in August of 2000 and the parties have lived separate and apart since that date. The parties agree, therefore, that the court may grant that part of the motion as seeks exclusive possession of the marital residence to the defendant.
There are two minor children, Joseph born May 26, 1994, and Ashley born April 9, 1997. They are respectively seven and four years of age. The defendant does not work. The plaintiff is Vice President of Purchasing for Modern Plastics, Inc., a family owned business run by his father. He has recently been diagnosed with multiple sclerosis. He was scheduled for a second opinion on Monday, June 18, 2001, at Yale-New Haven Hospital.
The child support guidelines indicate child support in the amount of $495 per week. The plaintiff seeks $630 per week by way of support, claiming deviation from the child support guidelines of extraordinary expenses for the children. See § 46b-215a-3 of the Child Support Guideline Regulations. The defendant also seeks alimony.
The defendant has offered a great deal of evidence regarding the plaintiff's income. It is her claim that the plaintiff receives many perks from Modern Plastics so that his effective income is considerably higher. CT Page 9712
The plaintiff has been depositing his semi monthly pay check of $2,400 into the parties' joint checking account. He would then withdraw about $1,200 each month to meet his living expenses, leaving $3,600 per month for the defendant. The defendant reports total weekly expenses of $1,545. This leaves her short by $3,095 for the month. Some of her expenses, however, are high for pendente lite orders, and the court has reduced them to $2500 for the month.
One of the greatest problems in this case is the first and second mortgage. The weekly charge for the first and second mortgage amounts to $414 per week. At the time of the final hearing, this expense will have to be resolved.
There are other expenses incurred for the child Joseph. He has asthma and his expenses for prescriptions run higher than normal. He also sees Dr. Harry Adamakis two times per week. There are extra school expenses for the children.
The plaintiff's taxable income for 1997 was $71,115, for 1998 was $92,800, and for 1999 was $116,232. Federal income tax for these years amounted to $14,500, $20,436, and $25,691 respectively.
Based upon an average of the plaintiff's net income for the years 1997, 1998, and 1999, his net weekly pay amounts to $1,513 per week.
The court finds extraordinary expenses for the minor children by reason of Joseph's asthma, his private schooling including uniform and Ashley's preschool expenses. The court finds support in an amount of $630 per week in accordance with § 46b-215a-3 of the Child Support Guideline Regulations and deviation criteria (5)(2) and enters orders for weekly support for the two minor children of $630 per week. The court further orders that the plaintiff shall continue to pay for health insurance for the defendant and the minor children pendente lite. The court orders the plaintiff to pay to the defendant alimony pendente lite in the amount of $235 per week. In addition, the plaintiff shall pay one half the monthly payments on the first and second mortgages on the jointly owned family residence at 39 Tine Circle in Bridgeport. The defendant shall pay the other half pendente lite. These orders shall be effective as of June 12, 2001.
The defendant has not pursued her claim for counsel fees. This matter shall be left to a determination at the time of final resolution.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE CT Page 9713